BROWN v. BROWN.

1. DEED—HUSBAND AND WIFE—CONSIDERATION.—A deed of conveyance, otherwise valid, cannot be assailed by the grantor or his heirs, where it expresses the valuable consideration of a support and maintenance for the grantee, his wife, and even without an expressed or proven consideration, as a seal imports a consideration.[1]

2. IBID.—DURESS—ONUS PROBANDI.—A deed, regular in form, being produced by plaintiff and proved, the defendant, who assails the deed for undue influence and duress, has upon him the burden of proof to establish his charge.

3. IBID.—FRAUD—LIMITATION OF ACTIONS.—If a man knows that the deed which he has executed to his wife was obtained by her fraud, the statute of limitations begins to run at once in the wife's favor against the husband and his heirs after him, and becomes complete at the expiration of six years.

4. COSTS IN CHANCERY are discretionary with the Circuit Judge, and his order thereon will not be disturbed, unless he has abused his discretion, which was not shown in this case.

[1] See note to Rice *v.* Brandenstein, 20 L. R. A., 702.—REPORTER.

Before FRASER, J., Newberry, November, 1894.

In this case the Honorable Ernest Gary, Judge of the Fifth Circuit, sat in the stead of Mr. Justice Pope, who had been of counsel as to matters involved in this cause. It was an action by Frances D. Brown against George D. Brown and Lucinda C. Moseley, commenced October 7, 1892.

*Mr. M. A. Carlisle,* for appellant.

*Messrs. Johnstone & Cromer,* contra.

July 10, 1895. The opinion of the court was delivered by

MR. JUSTICE ERNEST GARY. The plaintiff in the case, Frances C. Brown, commenced an action on the 7th day of October, 1892, against the defendants, George D. Brown and Lucinda C. Moseley, for the purpose of having certain real estate, in which her deceased husband, J. W. R. Brown, owned an interest at the time of his death, set apart to her. The husband, Brown, died intestate on the 25th day of August, 1891; leaving surviving him, as his only heirs at law, and entitled to distribution of his estate, his wife, the plaintiff, Frances C. Brown, and his brother, the defendant, George D. Brown, and his sister, the defendant, Lucinda C. Moseley. The plaintiff, in her complaint, alleges that on the 25th day of May, 1883, her husband, J. W. R. Brown, granted and conveyed to her absolutely in fee simple a one-third interest in the tract of land herein sought to be partitioned, and prays that the same may be set apart to her. The answer of the defendants denies the execution of this deed of conveyance; alleges that the same was without consideration, and assails it affirmatively, upon the ground that it was procured by the plaintiff first abandoning the home of her husband, and then, whilst living separately from him, by means of duress, threats, and promises to return home, extorted from him the execution of the alleged convey-ance, and that by reason of said abandonment of her husband's home, and the said duress, threats, and promises to return, the said J. W. R. Brown was, for the sake of peace in his family, forced to make the said conveyance, the same being without

even love or affection, or any other consideration, and, there-
fore, invalid, void and of no effect in law. The plaintiff, in
her reply, denies each and every allegation of new matter, and
pleads the statute of limitations in the words, "that if there
ever existed any right to avoid the plaintiff's deed on the
grounds of duress or undue influence, it accrued more than six
years before this action was begun."

At the November term (1894) of the Court of Common Pleas
for Newberry County, the following issue was submitted to the
jury: "Is the deed set out in the complaint, a valid and effect-
ual conveyance of the estate which it purports to convey?"
After hearing the testimony in the cause, and under the charge
of the presiding judge (the Honorable T. B. Fraser), the jury
answered the said issue in the affimative, and the presiding
judge rendered a decree in which he concurred in the finding
of the jury; and held that the plaintiff was entitled to have set
apart to her a one-third interest and estate in the lands de-
scribed in the complaint, less certain parcels which had been
alienated in the lifetime of the plaintiff's said husband. The
decree further provided that the defendants pay the costs of
the action accruing upon the said issue, raised by their answer,
together with the witness fees and the costs of taking testi-
mony on said issue; that the rest of the costs be paid by the
plaintiff and the estate of J. W. R. Brown, one-third thereof
by the former and two-thirds by the latter.

The defendants have appealed to this court upon the following
exceptions: That the presiding judge erred in charging the jury:
(1) "That the words, 'support and maintenance of the wife,'
is a sufficient consideration expressed in the deed, by which
the land in question was conveyed by the husband to the wife.
(2) That the seal of the deed itself was *prima facie* evidence of
consideration; and if no consideration is expressed in the deed
at all, that the seal will be sufficient consideration. (3) That
the burden of proof, when the deed was made by the husband
to the wife, and was attacked on the ground of undue influence
and duress exercised by the wife, was upon the defendants,
heirs at law of the husband, who attacked the deed. (4) That
the statute of limitations for six years ran against the defend-

ants from the time that J. W. R. Brown, the husband, had notice of all the circumstances of the deed, or the discovery of fraud by him. (5) The presiding judge erred in decreeing that the defendants should pay the costs of the trial of the issues raised in their answer, and as set forth in the decree."

As the first two exceptions relate to the same subject-matter (the consideration of the deed), they will be considered together. The charge of the presiding judge, upon which these two exceptions are based, is in the following words: "Deeds usually run: in consideration of natural love and affection, or in consideration of so much money, or in consideration of property—of land—or consideration of something else, some valuable consideration; but I take it, and instruct you, that a deed like this, when the consideration is stated to be for the support and maintenance of the wife, is sufficient consideration. The seal itself is *prima facie* evidence of consideration; and if no consideration is expressed in the deed at all, that seal will be sufficient." In this charge we think there was no error. The verdict of the jury upon the issue submitted to them, and the concurrence in their finding of the presiding judge sitting as chancellor, has certainly established the fact, that the deed in question is a genuine instrument, which J. W. R. Brown, the husband of the plaintiff, in his lifetime, duly signed, sealed, and delivered to her. Having thus executed the deed with all these formalities, it would not lie in his mouth, nor would he be permitted, if alive, to impeach his deed under seal, on the sole ground that it was without consideration. It was binding on him in the absence of fraud or collusion, and these defendants, who claim through him as his heirs at law, could acquire no higher equity nor any greater rights in the premises than their intestate. As the Circuit Judge very properly charged the jury, "these defendants stand in the shoes of J. W. R. Brown." The law of *nudum pactum* is inapplicable to instruments under seal. The very fact of having a seal attached imports a consideration. See *Carter* v. *King*, 11 Rich., 133. In that case the question is pertinently asked: "How could any deed of gift or covenant, to stand seized, ever prevail, if the same want of valuable consideration, which renders a parol

promise void, would avail to defeat a specialty?" Besides, the husband is bound in law as well as in morals to maintain and support the wife, and after his ability to provide a support for the wife had become impaired (as is charged in this case) by being addicted to the habit of strong drink, we can see no reason why he should not be permitted to deed to the wife an interest in his real estate, and thereby enable her to earn for herself that support which the law enjoins upon the husband. For the foregoing reasons, the first and second exceptions are overruled.

The rule of law which governs in the third exception is stated by Mr. Wharton in his work on Evidence, vol. 1, § 356, and is as follows: "That he who in a court of justice undertakes to establish a claim against another, or to set up a release from another's claim against himself, must produce the proof necessary to make good his contention. This proof may be either affirmative or negative. Whatever it is, it must be produced by the party who seeks forensically either to establish or defeat a claim. It makes no difference, therefore, whether the actor is plaintiff or defendant, so far as concerns the burden of proof. If he undertakes to make out a case, whether affirmative or negative, this case must be made out by him, or judgment must go against him. If there is a case made out against a defendant on which, if the plaintiff should close, a judgment would be sustained against the defendant, then the defendant has on him the burden of proving a case by which the plaintiff's case will be defeated." In our own case of *Pool* v. *Dial*, 10 S. C., 445, the rule is thus stated: "The general rule upon questions of this kind is, that if a contract is regular on its face, the burden of proof is on those who assail such regularity." Testing this exception by the above rules, we see no force in this ground of appeal, and the same is, therefore, overruled.

With regard to the fourth exception, it may be better to state what the Circuit Judge did charge the jury on the subject of the statute of limitations. He charged: "A man has six years from the discovery of fraud to attack that fraud— to attack the deed for fraud—six years from the time he discovers it; that is, six years from the time he knows, or has sufficient information to put him on inquiry as to the facts

which constitute the fraud. Well, if Brown, the deceased, knew what he was doing when he made that deed, or had notice of all the circumstances of that deed, then the statute of limitations ran out at the end of six years, and he could not commence an action, nor those who came after him, because the heirs at law stood in his shoes." The propositions of law embraced in this charge are fully sustained by the cases of *Beck* v. *Searson*, 8 Rich. Eq., 130, and *Kirksey* v. *Keith*, 11 *Id.*, 33. The fourth exception is likewise overruled.

The fifth and last exception charges error on the part of the Circuit Judge in decreeing that the defendants should pay the costs of the trial of the issue raised in their answer and as set forth in the decree. This court has so often considered this question, and there being a long and unbroken current of authorities on the subject, we do not feel that it is necessary to enter into a lengthy discussion of the law on that subject. In an equity cause the costs are in the discretion of the court. *Winsmith* v. *Winsmith*, 15 S. C., 611; *Childs* v. *Frasee, Ibid.*, 612; *Bratton* v. *Massey*, 18 *Id.*, 559; *Lake* v. *Shumate*, 20 *Id.*, 34; *Scott* v. *Alexander*, 23 *Id.*, 126. In this case we fail to see any abuse of that discretion. The fifth exception is, therefore, overruled.

The judgment of this court, therefore, is, that the judgment of the Circuit Court be affirmed.