### KOSTER v. WELCH.

1. FINDING OF FACT by Circuit Judge that mortgage was without consideration, reversed.
2. SEALED INSTRUMENT—FAILURE OF CONSIDERATION—WANT OF CONSIDERATION.—A party executing a sealed instrument cannot set up by parol want of consideration, but may show failure of consideration.

Before TOWNSEND, J., Charleston, August, 1899.   Reversed.

Foreclosure by John E. Koster against Juanita P. Welch, James F. Redding, City Council of Charleston and John F. Ficken.   Plaintiff appeals.

*Messrs. Simons, Siegling & Cappelmann* and *M. C. Merritt,* for appellant, cite: *Failure of consideration not being pleaded, should not have been considered:* 40 S. C., 265; 47 S. C., 183; 53 S. C., 348. *Reasoning of Circuit Judge is no part of his judgment:* 52 S. C., 36; 54 S. C., 314. *Want of consideration cannot be set up against a sealed instrument:* 44 S. C., 381; Cheves, 193; 53 S. C., 348; Dud., 30; 3 Hill., 48; 1 DeS. Eq., 332. *Moral obligation is consideration:* 2 Bail., 57; 42 S. C., 382; 39 S. C., 333. *Agreement to forbear is consideration:* 2 N. & McC., 133; 3 McC., 164, 578; 3 Hill., 54. *So is pre-existing debt:* 5 S. C., 90. *Where conclusions of Circuit Judge are against preponderance of testimony, this Court will reverse him:* 51 S. C., 363; 55 S. C., 198; 56 S. C., 154. *Burden of showing failure of consideration is on Mrs. Welch:* 44 S. C., 430; 19 S. C., 608; 44 S. C., 382; 10 S. C., 445.

*Mr. Henry H. Ficken,* for Mrs. Welch, contra.

March 30, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action to foreclose a

mortgage hereinafter more particularly described. The
answer of Juanita P. Welch to the complaint herein, after
denying certain allegations, contains the following: "For
a partial defense to the alleged cause of action. That except
as to a small portion thereof, the bond and mortgage men-
tioned in the * * * complaint were given without any
consideration therefor." The master, to whom all issues
were referred, thus states the transaction in regard to the
mortgage, after first showing from the testimony that there
was not *a failure of* consideration: "Mrs. Christian owed
the plaintiff a large bill for groceries furnished her, which
groceries were used for the support of the household, and
were consumed by them. Credit was given by the plaintiff
to Mrs. Christian, and the goods were charged to her. On
the 19th day of July, 1890, the bill for these groceries
amounted to $380, and the plaintiff desiring some security
for the debt, and being willing to allow some further credit
for goods to be furnished at a future period, Mrs. Christian
and Mrs. Collins, the life tenant and contingent remainder-
man of the property, executed and delivered to the plaintiff
their bond, under seal, in the penal sum of $960, conditioned
to pay $480, with interest at the rate of seven per cent. per
annum, on or before the 19th day of July, 1891, and secured
said bond by a mortgage of even date of said premises,
signed by both said parties, and duly recorded on the 22d of
July, 1890, in R. M. C. office, Charleston, in book C, 21,
page 282. Shortly thereafter the plaintiff made and deliv-
ered to the obligor of the bond a due bill, which is in evi-
dence, and is marked exhibit C, and which reads as follows:
'Charleston, July 26th, '90. Due Mrs. E. C. Christian and
Mrs. Juanita Collins, one hundred dollars, value received on
mortgage. $100.00. John E. Koster.' Mr. Koster testi-
fies that the object of this due bill was to enable Mrs. Chris-
tian to use it in obtaining from him groceries to that
amount, and that as a matter of fact she did obtain on ac-
count thereof groceries to the value, to the best of his recol-
lection, of $67 or $76, he cannot remember which. Inas-

much, however, as he is unable on account of the loss of his
books to verify these items, he is willing to waive them and
to allow the whole amount of the due bill, viz: $100, as a
credit on the bond and mortgage; claiming only, therefore,
an amount of $380 principal, with interest from the date of
the bond." The respondent testified that $380 of the amount
mentioned in the bond and mortgage were to be paid to her,
but that the appellant failed to make the payment.   His
Honor; the Circuit Judge, finds that the plaintiff failed to
comply with the agreement as to the payment thereafter to be
made, that the bond and mortgage as to the respondent were
without consideration, and that nothing is due thereon by
the respondent.   He discussed the questions raised by the
exceptions to the master's report under two heads, as fol-
lows: "1st. Was there any consideration moving to Mrs.
Welch for joining in the execution of the bond and mort-
gage in question?   2d. Can a sealed instrument voluntarily
entered into, and with no pretense of fraud on the part of
the obligor, be impeached for want of consideration in the
manner herein attempted?"   He ruled that the first ques-
tion should be answered in the negative and that the second
in the affirmative.

The giving of the due bill shows that the respondent is
mistaken in testifying that the sum of $380 was to be paid
to her, and also mistaken as to the amount of Mrs. Chris-
tian's indebtedness intended to be secured by the bond and
mortgage.   If the bond and mortgage had been exe-
cuted for the purpose of securing only $100 of Mrs.
Christian's indebtedness, it seems unreasonable that
a due bill would have been given for that sum.   We agree
with the master, that the bond and mortgage were executed
to secure Mrs. Christian's indebtedness, amounting to $380,
and in consideration of $100 thereafter to be advanced. The
failure of consideration only extends to the $100 which he
has not advanced, but he does not ask that this sum be in-
cluded in the judgment of foreclosure.

Having shown that the question as to *failure* of consider-

7—57

ation does enter into the case, we will next consider whether the Circuit Judge erred in ruling that a sealed instrument voluntarily entered into, and with no pretense of fraud on the part of the obligor, can be impeached for want of consideration. While a person who signs an instrument of writing under seal is not allowed to show that it was without consideration, the rule has long prevailed that he has the right to show failure of consideration. If this cannot be done, a party who failed to comply with his part of the contract would be enabled to take advantage of his own wrong. Equity and good conscience require that when one has failed to carry out his part of a contract, he shall not be allowed to enforce the other provisions thereof. This question has been considered so recently by the Supreme Court, that we deem it only necessary to refer to the cases and the former cases therein cited to show that his Honor, the Circuit Judge, erred, to wit: *Brown* v. *Brown,* 44 S. C., 378, and *Whitmire* v. *Boyd,* 53 S. C., 315. This consideration renders unnecessary the consideration of the question first discussed by the Circuit Judge hereinbefore mentioned.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to the Circuit Court for such further proceedings as may be necessary to carry out the views herein announced.