PHILLIPS v. AMERICAN TELEPHONE AND TELEGRAPH CO.

1. ACTION—CONDEMNATION—TELEGRAPH COMPANY.—Remedy for damages occasioned to land by telegraph company in erecting its line outside of right of way granted to the company, is by action and not condemnation.
2. DEED—SEAL—CONSIDERATION—FRAUD.—That a seal to a deed is *prima facie* evidence of consideration, does not apply when the question is whether the covenantor should return to the covenantee the consideration received before repudiating the deed for fraud, when he can show the deed was without consideration.
3. CHARGE, "What actual damages did he suffer? You know what *actual* means and what *damages* mean. Now, in this case, what was the actual damages? Figure that out. Now, go to the question of punitive damages and figure that out," is not on the facts.
4. REHEARING.—Petition for rehearing refused because the Court did not rest its opinion on alleged injury to crops, as the title to them was in another.

Before GAGE, J., Cherokee.    Affirmed. ·

Action by J. V. Phillips against American Telephone and Telegraph Company of South Carolina. From judgment for plaintiff, defendant appeals.

Mr. *Ralph K. Carson,* for appellant, cites: *Remedy of plaintiff is not action but condemnation:* 62 S. C., 52; 58 S. C., 532; 37 S. C., 382; 1 Add. on Torts, 447; 33 S. C., 175; 32 S. C., 410; 58 S. C., 145. *Injury to crops belonging to another cannot be included:* 67 S. C., 192. *License to take carries every thing condemnation would have carried:* 18 Ency., 1132, 1134; 34 S. C., 62; 47 S. C., 464, 485.

Mr. *Stanyarne Wilson,* contra, cites: *Action lies for trespass alleged notwithstanding license:* 56 S. C., 37; 38 S. C., 199; 66 S. C., 77. *Whether there was a consideration which could be returned was properly left to the jury:* 61 S. C., 537; 66 S. C., 77.

The opinion in this case was filed on May 6, 1905, but remittitur held up on petition for rehearing until

May 29, 1905.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    Plaintiff brought his action against defendant for $1,000 damages, alleging that in the construction of its line through the plaintiff's land in Cherokee County, the defendant oppressively, without right, with high hand, in reckless and wanton disregard of the rights of plaintiff, went upon the plaintiff's lands in said county, and cut a swath about eighteen feet wide through his wood land, a part of said tract, by cutting down the timber for said width, and for a distance of six hundred yards, while constructing its poles, wires and lines; and also drove over and through his sown wheat on said land, and permitted stock in its service to eat upon and trample it down.

The defendant, in its answer, set up that the plaintiff, for a valuable consideration, under his hand and seal, granted to the defendant, its successors and assigns, the right to construct, operate and maintain its line of telephone over, along and upon the property of the plaintiff described in the complaint; and that in pursuance of the said grant and license of the plaintiff, the defendant did enter upon the premises described in the complaint and constructed its line of telephone in the manner, under the terms and in accordance with the privileges contained in said grant.

The cause came on for trial before a Judge and jury. Testimony was introduced on both sides.    At the conclusion of plaintiff's testimony, the defendant moved for a nonsuit and dismissal of the complaint on the grounds that it had been proven that the defendant entered upon the lands of the plaintiff with his knowledge and consent, and that there was no proof that the plaintiff had made demand for compensation and been refused; that where entry upon land was with knowledge and consent of the plaintiff, the remedy by condemnation proceedings was exclusive, unless it had been

shown by the evidence that demand for compensation had been made and refused after the line had been constructed; that the remedy by condemnation being exclusive, the Court was without jurisdiction, and the defendant was entitled to a nonsuit and dismissal of the complaint.

The Circuit Judge declined this motion. The defendant then introduced its testimony. The following is the deed which the plaintiff was said to have made for the right of way:

"Received of the American Telephone and Telegraph Company of South Carolina, one dollars——— dollars in consideration of which I hereby grant unto said company, its successors and assigns, the right to construct, operate and maintain its lines over and along the property which I own, or in which I have an interest in the township of White Plains, county of Cherokee, and State of South Carolina, including the necessary poles and fixtures along the roads, streets or highways adjoining the property owned by me in said township, said sums received in full payment for such right, and in full satisfaction of trimming any trees along said lines necessary to keep the wires cleared at least eighteen inches, with the right to set the necessary guy and brace poles, and attach to trees the necessary guy wires, and with the right to trim or cut down any tree that might interfere with the line.

"Witness my hand and seal, this 7th day of March, 1901, at Clifton, No. 1, S. C. (post office address). J. V. Phillips (land owner). (L. S.) Witness, C. D. Warlick."

### PRIVATE PROPERTY.

"No officer or employer of this company is authorized to procure a receipt to a voucher, except upon the payment of its amount, and the company hereby gives notice that if this voucher is signed without payment being made, it is done at the signer's own risk."

After the Judge's charge to the jury they retired and found a verdict of $100 for the plaintiff against the defend-

ant.    Thereupon the defendant gave notice of a motion for a new trial upon the following grounds:

"1st. That the verdict was excessive; that the defendant having entered with the consent of the plaintiff, was not a trespasser—punitive damages could not be awarded, and that the amount of the verdict was in excess of the damages proved.

"2d. That the verdict was contrary to the law as charged by the Court. The jury having been instructed by the Court, that the contract could not be rescinded without a return or tender in return of the consideration paid, and the proof being conclusive as to the consideration.

"3d. Because the entry of the defendant having been made with the consent and knowledge of the plaintiff, there being no proof of a demand for and refusal of compensation, or that any timber had been cut that did not interfere with the wires, that plaintiff's remedy by condemnation was exclusive, and damages could not be awarded by the Court.

"4th. Because there was no proof of fraud and the verdict of the jury was contrary to the law as charged by the Court."

In refusing the motion for a new trial, the Judge used the following language:

"First place, I don't regard the verdict punitive. A suit for $1,000 and a verdict of $100 I do not see any element of punitive damages in it. Next, the consideration. You can always go into the consideration. Surely, if two parties made a contract and the consideration was a dollar, you can show the dollar was never paid. But the other question is a serious question, and I have ruled on it. That is jurisdictional. It is a close question and I may be wrong on that question, but that is the way it looks to me. Now, on the other question about the testimony, I will be frank with you, I would give the same weight to the testimony as they did. Wallack didn't deny that he gave it to him as a present. Mr. Phillips' testimony impressed me. Mr. Wilson put it too much and Phillips called out to him he had it too much, and all in all, I agree with Phillips. I don't know who Wallack

is.   He is a young man engaged in this business, and you
know how they have to get the right of way.   They have a
lot of people to see, and in a hurry and have no time to talk
to people.   I think it was just about as Phillips testified to.
Wallack didn't deny it.   He said he read the contract over
to him.   The question of fraud is a question of fact.   I
don't think I could disturb this verdict.   As I say, I have
considerable doubts about the question of law, but the Su-
preme Court can settle that.   It is an interesting question."

The motion being refused and judgment being entered
upon the verdict, the defendant appealed on the following
grounds:

"First. In refusing defendant's motion for nonsuit and to
dismiss the complaint upon the ground that the remedy by
condemnation proceedings under the statute, was exclusive;
it having been shown that the entry was with the knowledge
and consent of the plaintiff, and there being no evidence of
demand for and refusal of compensation, after the line was
constructed; and thereby ruling, that the plaintiff could not
recover compensation for any special damage that had been
done his premises in constructing defendant's telephone line
through his land, by condemnation proceedings under the
statute.

"Second. In ruling and holding that the plaintiff's action
was not an action for damages for entry upon and construc-
tion of the telephone line across the plaintiff's premises with-
out plaintiff's consent, but an action for trespass upon the
plaintiff's premises outside of the right of way granted.

"Third. In adding to defendant's third request to charge,
as follows: 'I leave it to you, gentlemen, to say whether or
not there was any consideration paid.'   The error consisting
in submitting to the jury as a question of fact, for their
determination, the payment or non-payment of a considera-
tion; when this was established by the grant under seal.

"Fourth. In charging the jury as follows: 'What actual
damages did he suffer?   You know what "actual" means
and what "damages" means.   If a man were to meet you in

the road and you were in your buggy, and he was to run against you and break the wheel of your buggy and it cost you $5 to put it back on, that would be what is called actual damages. Now, in this case, what was the actual damages? Figure that out. Now, go to the question of punitive damages and figure that out.' The error being that in so charging, the Judge charged upon facts in assuming that the plaintiff had suffered both actual and punitive damages, and that the jury were to make calculation and ascertain the amount.

"Fifth. In charging the jury as follows: 'Now, if Phillips was not overreached, if the facts satisfy you that Phillips knew what he was doing, ought to have known, and got paid for this thing, of course, he cannot recover.' The error being that the jury were thereby instructed that Phillips was entitled to recover, unless he was paid for his grant for right of way.

"Sixth. In not granting a new trial upon the third ground of the defendant's motion, to wit: 'Because entry of the defendant having been made with the consent and knowledge of the plaintiff, there being no proof of demand for and refusal of compensation, or that any timber had been cut that did not interfere with the wires, that plaintiff's remedy by condemnation was exclusive, and damages could not be awarded by the Court;' and thereby ruling and holding, that an action for damages would lie in the Court of Common Pleas for entry and constructing of a telephone line, with knowledge and consent of the owner of the premises, without evidence of a demand and refusal of compensation after construction of the line, or that a trespass had been committed upon said premises, and that the remedy by condemnation was not exclusive under the evidence of the case.

"Seventh. In refusing to grant a new trial upon the fourth ground of defendant's motion, viz: 'that there was no proof of fraud, and that the verdict was contrary to the law as charged by the Court.' The error being that the Court thereby ruled and held, that when a person, who is able to

read and write and not laboring under any disability, signs a paper, without reading it, after opportunity had been afforded to do so, is not presumed to know its contents nor estopped from alleging that the same was procured by fraud and misrepresentations."

We will now consider these grounds of appeal in their order:

First. It is true, as defendant says, that where condemnation proceedings are applicable, they are exclusive of any other remedy, but in this case the suit is for damages for injuries done outside of the right of way. The entry was made by the consent of the plaintiff, for it will be remembered that the timber was destroyed beyond the thirteen feet of right of way of the defendant; and also the injuries done by the teams being driven over plaintiff's lands. Therefore, this ground of appeal is not well taken and is overruled.

Second. We think this second ground of appeal must be overruled for the same reasons given in disposing of the first ground of appeal, and it is, therefore, overruled.

Third. We think there was no error in the charge of the Circuit Judge as here complained of under the issue as raised by defendant. Certainly, the consent signed by the plaintiff was under seal, and this Court, in the case of *Brown* v. *Brown,* 44 S. C., 378, 381, 22 S. E., 412, in speaking of the consideration named in a deed, says: "The seal itself is *prima facie* evidence of consideration, and if no consideration is expressed in the deed at all, that seal will be sufficient." While this principle prevents a deed under seal from being attacked for want of consideration, it does not apply when the question is whether the covenantor should return to the coventee the consideration received before repudiating the deed for fraud. In that case it would seem to be just that the covenantor should be permitted to show that as a matter of fact no consideration was received, and, therefore, none could be returned.

Fourth. We do not see that the Circuit Judge committed

any error as here attempted to be pointed out.  The language used by him was intended to point out to the jury the meaning of the words "actual damages," and then, also, "punitive damages."  The Judge did not charge upon the facts, but left these matters solely for the jury.  We, therefore, overrule this exception.

Fifth. We do not think the Circuit Judge was in error, as here attempted to be pointed out.  We do not think the Circuit Judge instructed the jury that Phillips was entitled to recover unless he was paid for his grant for right of way.  This exception is, therefore, overruled.

Sixth. We do not see any error in the conduct of the Circuit Judge here complained of, for, as before remarked, the damages sought by the plaintiff were, or might have been, construed to relate to the land beyond the right of way. This ground of appeal is overruled.

Seventh. This ground of appeal seems to imply that the Circuit Judge should be overruled, because he failed to take defendant's view of the sufficiency of the testimony offered in this case.  He could very well have reached the conclusion he did from the effect upon his mind of the testimony offered by each party at the trial.  We think, therefore, that this · ground of appeal should be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

PER CURIAM.  After careful consideration of the petition herein the Court has failed to discover that any material question of law or of fact has been overlooked or disregarded.  The Court, in view of the case of *Jones* v. *Railway Company,* 67 S. C., 181, and the evidence that the title to the crop was in another than the plaintiff, did not at all rest its opinion upon the fact of injury to the crop, and the reference to the crop in considering the sixth exception was mere inadvertence, for in considering the first exception, the Court was careful to avoid all reference

of injury to the crop, and such reference has been stricken from the opinion.

It is, therefore, ordered, that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.