6824

DOBSON v. POSTAL TELEGRAPH-CABLE CO.

1. CONDEMNATION—TRESPASS—DEMAND.—WHERE A TELEGRAPH COMPANY has entered upon lands of another and erected poles and wires under a permit alleged by the landowner to have been obtained by fraud and misrepresentation, condemnation under the statute is not the landowner's remedy for compensation, but action for trespass, and demand need not be made before action is brought.

2. FRAUD—WILFULNESS—NONSUIT.—There being some evidence tending to show permit was obtained by fraud, nonsuit on this ground was properly refused, and there being evidence here tending to show wilfulness, nonsuit on this ground, request to charge and new trial properly refused.

3. NEW TRIAL moved for here on ground that condemnation was proper remedy; that no action for trespass lies; that there was no demand and refusal; that there was no injury to lands of appellant; that damages were excessive, and that jury disregarded instructions of court, properly refused.

Before PRINCE, J., Spartanburg, Spring Term, 1907. Affirmed.

Action by J. P. Dobson against Postal Telegraph Cable Company. From judgment for plaintiff, defendant appeals.

Messrs. George H. Fearons, John Gary Evans and J. C. Jeffries, for appellant, cite: Condemnation is plaintiff's remedy: 58 S. C., 532. No action lies for trespass where entry is by permission: 62 S. C., 52. No evidence showing fraud: 2 Allen, 212; 15 Am. R., 379; 43 Am. R.,166; 37 Am. D., 404; 74 S. C., 557. No evidence of wilfulness: 69 S. C., 445. No evidence of injury outside of right of way: 70 S. C., 531. Instructions were disregarded and new trial should be granted: 74 S. C., 221.

Mr. Stanyarne Wilson, contra, cites: Unless entry is by consent action for trespass is proper remedy: 76 S. C., 98; 38 S. C., 308; 62 S. C., 56; 37 S. C., 387; 71 S. C., 148, 152, 154, 571, 528. Condemnation does not apply here: 76

S. C., 98. *Misrepresentation, deception and fraud are good grounds for vindictive damages:* 70 S. C., 108. *There was proof of injury outside of right of way:* 70 S. C., 528.

March 25, 1908. The opinion of the Court was delivered by

Mr. Chief Justice Pope. This was an action commenced by the service of a summons and complaint, alleging actual and vindictive damages by reason of entry of the defendant on lands of the plaintiff, erecting poles thereon and stringing wires across.

The answer set up a permit executed by the plaintiff to enter on the land, erect poles, string wires and cut timber for a right of way.

The reply was that the permit was obtained from the plaintiff by fraud and misrepresentations.

The case came on to be heard before his Honor, Judge Geo. E. Prince, and a jury on July 24, 1906. The jury rendered a verdict in favor of the plaintiff for three hundred and thirty-three dollars.

From order refusing new trial and judgment entered on the verdict of the jury, the defendant now appeals to this Court on eleven exceptions. They will be considered in their numerical order.

1. "It is respectfully submitted to this Court, that defendant's first ground of nonsuit, which was as follows, should have been sustained:

(1) " 'The statutory remedy of condemnation, is plaintiff's proper remedy and he is confined to the same. The error complained of being, that the complaint in this action alleges that the plaintiff's right of compensation for damages is denied; the answer denying this part of the allegation. For, if defendant had injured plaintiff by reason of going through plaintiff's land under the permit, the pleadings show that defendant was willing that plaintiff might recover compensation by the means of the statutory remedy of compensation."

The position of the appellant that plaintiff's remedy was the statutes of this State providing for a condemnation proceeding can not be sustained. The defendant seeking to prevent the plaintiff's action on account of a trespass by proving an agreement in writing whereby the defendant was permitted to locate an alleged line on plaintiff's land, was in itself inconsistent with the present position of the defendant here. In the case of *Burnett* v. *Postal Tel. Cable Co.*, 71 S. C., 146, 50 S. E., 780, a case on all fours with the present action, this Court held that the present form of action was the proper proceeding. *Mason* v. *Postal Tel. Cable Co.*, 71 S. C., 150, 50 S. C., 782, is also in point; so also *Phillips* v. *American Tel. & Tel. Co.*, 71 S. C., 571, 51 S. E., 247. This exception is overruled.

2. "Because His Honor erred in not granting a nonsuit on defendant's second ground for motion of nonsuit, to wit:

(2) " 'Where permission is given to enter upon the lands of another no action lies for trespass.' It being respectfully submitted that the evidence in this case failed to show any damages that the plaintiff had received from the defendant by reason of the entry, especially in view of the fact that the defendant entered under a permit from the plaintiff."

This position is unsound, as is found in the cases hereinbefore recited. The plaintiff here alleged fraud and misrepresentation by the defendant, and at least two witnesses sworn on behalf of the plaintiff tended to support the grounds of fraud and misrepresentation by the defendant. A reference to the authorities just quoted amply supports this position. This exception is overruled.

3. "Because there was no evidence of demand for and refusal to compensate after the line was constructed. The error complained of being that the defendant, having gone in under the permit from the plaintiff, before any suit could be brought, a demand should have been made by the plaintiff upon defendant for compensation, and in the absence of proof of the same his Honor should have granted a nonsuit,

and should have sustained defendant's third ground of nonsuit."

We must overrule this ground of appeal. The defendant had hastily erected its ten poles where only four were allowed without the knowledge of the plaintiff. A demand, therefore, by the plaintiff, had been forestalled by the defendant before any demand could be made.

4. "Because his Honor erred in not sustaining defendant's fourth ground of nonsuit, which was as follows:

(4) " 'That there was no evidence tending to establish the allegation of fraud in procuring the signature of the plaintiff to the written permit; and there is no evidence to show an effort on the part of the defendant to perpetuate fraud in procuring the release.' The error complained of being that there was not a particle or *scintilla* of evidence showing fraud on the part of the agent or right-of-way man of the defendant company in procuring the permit or release from the plaintiff, and not a *scintilla* of evidence to sustain the allegations of the Reply."

It became a matter of proof; both sides made proof of their respective positions. The Circuit Judge, therefore, was justified in refusing a nonsuit on this ground. This exception is overruled.

5. "Because his Honor erred in not nonsuiting the cause of action for vindictive damages and erred in not sustaining defendant's fifth ground of nonsuit, which was as follows:

(5) " 'Because there is not a *scintilla* of evidence of wilfulness, wantonness or high-handed conduct on the part of the defendant toward the plaintiff, and that this cause should be nonsuited.' The error being, it is respectfully submitted to this Court, that there was not a *scintilla* of evidence on the part of the plaintiff to show that the defendant acted oppressively with high-hand or in reckless or wanton disregard of the rights of the plaintiff."

This also is a matter upon which the parties had joined issue; both introduced testimony in support of their con-

tentions.  In *Duke* v. *Postal Tel. Cable Co.,* 71 S. C., 95,
50 S. E., 675, it is held: "Under allegations and proof of a
wilful tort, compensatory as well as punitive damages may
be proved and recovered."    This exception is overruled.

6. "Because his Honor erred in not charging the defend-
ant's fifth request to charge, as follows:

(5) " 'I charge you that there is no testimony in this
case upon which you may find a verdict for vindictive dam-
ages or smart money.'  The error being, it is respectfully
submitted to this Court, that there was not a *scintilla* of evi-
dence on the part of the plaintiff to show wantonness or
high-handed conduct of any nature or description perpe-
trated by the defendant upon the plaintiff, and the defendant
was entitled to this request."

The Circuit Judge was exceedingly careful in his charge
to the jury in this case to lay down the rule as to compensa-
tory damages; testimony on both sides was submitted; a
jury found a reasonable amount against the defendant.  There
was no error here.    Let this exception be overruled.

7. "Because his Honor should have set aside the verdict
and granted a new trial, on the first ground set out in the
defendant's motion, which was as follows:

(1) " 'Because there was no evidence of wilfulness to go
to the jury, and his Honor erred in submitting this ques-
tion to the jury and in not charging defendant's fifth request
to that effect.'  It being respectfully submitted to this
Court, that his Honor did commit error in submitting
the question of wilfulness to the jury; there being no evi-
dence on the said point."

We can not sustain this contention of the appellant; all
the conduct of the defendant was submitted to the jury, and
there was some testimony against the defendant.  The Cir-
cuit Judge so held and we do not think he was in error.
This exception is overruled.

8. "It is respectfully submitted to this Court, that his
Honor erred in not setting aside the verdict of the jury on

28—79

defendant's second ground of a motion for a new trial, which was as follows:

(2) " 'His Honor erred in not granting a nonsuit on the grounds: (a) The statutory remedy of condemnation is plaintiff's proper remedy, and he is confined to the same. (b) Where permission is given to enter upon the lands of another no action lies for trespass. (c) Because there is ne evidence of demand for and refusal to compensate after the line was constructed. (d) Because, upon the testimony, it would be impossible for the jury to say what injury was sustained by plaintiff by reason of anything done outside of right of way not necessarily incident to the exercise of the right granted.' And especially upon the last subsection, because it is respectfully submitted to this Court, that, from the testimony it would have been impossible for the jury to say what injury was sustained by plaintiff, if any, by reason of anything done outside of right of way not necessarily incident to the exercise of the said right."

The best answer to the appellant is that the jury rendered a verdict responsive to the issues here presented; the Circuit Judge submitted such issues to them; he was not in error. Let this ground of appeal be dismissed.

9. "Because his Honor erred in not granting a new trial and in not setting aside the verdict of the jury on defendant's third ground of motion for new trial, which was as follows:

(3) " 'The evidence showed that the plaintiff was not and could not have been injured only in a nominal sum, and the verdict of the jury is excessive and burdensome.' It is respectfully submitted to this Court, that the testimony on the part of the plaintiff did not show any substantial injury to the land of the plaintiff, and the amount of the verdict was excessive and burdensome."

The jury by their verdict did not assess an extravagant estimate of the plaintiff's injuries; the testimony tended to show that the poles and wires injured plaintiff's land; three witnesses, though it amounted to three hundred dollars.

It is sometimes well that the right of a jury to return damages against the defendant should be guarded by the Circuit Judge. Of course, when he thinks that the verdict is excessive he should reduce it by granting a new trial or a new trial *nisi*. Let this exception be overruled.

10. "Because his Honor erred in not setting aside the verdict of the jury and granting a new trial on defendant's fourth ground for motion for new trial, which was as follows:

(4) " 'The jury disregarded the instructions of the Court and the evidence inasmuch as the evidence plainly showed that the plaintiff, if injured at all, was injured only in a nominal sum.' The error being that in the face of this testimony and of the charge of his Honor the verdict was excessive and burdensome and should have been set aside and a new trial granted."

This ground of appeal is not sound in this case; it was thoroughly examined by the Circuit Judge and he did not interfere with the verdict and we will not. This exception is overruled.

11. "Because his Honor erred in not reducing the verdict on the ground for new trial *nisi* as set out in defendant's fifth ground of motion for new trial, which was as follows:

(5) " 'Failing in this, we will ask a new trial *nisi* on the ground that the jury disregarded the evidence, inasmuch as none of the witnesses for plaintiff testified that there were more than four poles on plaintiff's land than there would have been if defendant had located its line according to plaintiff's contention. Some witnesses testified three poles and some two, and under the evidence it would not have gone over more than one or two acres of plaintiff's land than if it had been located according to plaintiff's contention, and surely the entire valuation of the two acres would not have been destroyed by two or three extra poles being placed thereon.' It being respectfully submitted that his Honor erred in the face of such testimony and such proof which showed that the plaintiff was not injured, and his Honor

should have reduced the verdict or granted a new trial *nisi."*

We conclude that this last ground of appeal has been already considered, and therefore overrule the same.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES JONES AND WOODS *concur in the result.*