13129

BANK OF CHARLESTON v. OATES *ET AL.*

(158 S. E., 272)

*Mr. L. M. Lawson,* for appellant,

*Messrs. Dargan & Paulling,* for respondent, 

April 22, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for the foreclosure of a real estate mortgage. The facts, as shown by admissions or undisputed testimony, are as follows: On May 2, 1922, Cecil N. Oates executed and delivered to the Bank of Oates a bond, whereby he promised to pay to that bank on May 1, 1923, $7,500.00 with interest, etc., and, to secure its payment, a mortgage covering 95 acres of land in Darlington County. Oates was not indebted to the bank and received no consideration for the bond and mortgage. A few days later the mortgage having been duly recorded, the Bank of Oates assigned it and the bond to the Bank of Charleston, substituting them for other securities. The latter bank made no inquiry of Oates as to the bond and mortgage, and he made no representations to that bank as to those papers except such as were embodied therein. Default in payment having been made, the Bank of Charleston brought this action for foreclosure, whereupon the defendant Oates set up as a defense that, the bond and mortgage having been executed and delivered to the Bank of Oates for accommodation and without any consideration, neither that bank nor its assignee, the plaintiff bank, "has any rights or equity therein and said bond and mortgage should be surrendered for cancellation and cancelled by order of the Court."

On the hearing in the Court below, Judge E. C. Dennis found in favor of the plaintiff, disallowing the defense of want of consideration, and holding that the defendant Oates, having represented by his bond

and mortgage that he was indebted to the Bank of Oates in the sum of $7,500.00, and having lent the bond and mortgage to the mortgagee for accommodation, made it possible for the mortgagee to induce the Bank of Charleston to accept these papers in exchange for valuable securities, and was therefore estopped to set up against the assignee that the bond and mortgage were without consideration. From this decree Oates appeals.

Appellant relies upon Section 355 of Volume 1 of the 1922 Code, which provides that an action by the assignee of a thing in action shall be without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment, and cases interpretive thereof, especially *Woodrow v. Frederick,* 133 S. C., 431, 131 S. E., 598. To sustain the conclusions of Judge Dennis, respondent relies chiefly upon the case of *Middleton v. Cockfield,* 113 S. C., 282, 102 S. E., 328, and distinguishes a defense arising after the execution and delivery of a bond and mortgage from one which would repudiate the representations and declarations contained in the bond and mortgage themselves.

It seems to us, however, that the decision of the case must rest upon this principle, that, while one who signs an instrument of writing under seal is allowed to show failure of consideration, he is not allowed, in the absence of fraud, to show that such instrument was without consideration, the reason being that the seal, of itself, imports a consideration. *Carter v. King,* 11 Rich., 125; *Brown v. Brown,* 44 S. C., 378, 22 S. E., 412; *Whitmire v. Boyd,* 53 S. C., 315, 31 S. E., 306; *Koster v. Welch,* 57 S. C., 95, 35 S. E., 435; *Cook v. Cooper,* 59 S. C., 560, 38 S. E., 218; *Baynard v. Ulmer,* 153 S. C., 100, 150 S. E., 610. It is hardly necessary to point out that this principle is not in conflict with the provisions of Section 355 of the Code of Civil Procedure since it is available not only to the assignee of a mortgage, but to the original mortgagee as well. See *Koster v. Welch, supra.*

For these reasons the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.