14696

BANDY v. BANDY *ET AL.*

(197 S. E., 396)

*Messrs. William M. Smoak* and *John E. Stansfield,* for appellant,

*Messrs. Williams & Busbee,* for respondents,

May 30, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This suit was brought by the respondent to foreclose a mortgage covering real estate in Aiken County, which was executed and delivered to the respondent by LeRoy Bandy, deceased, on August 23, 1929, and recorded on November

2, 1933. LeRoy Bandy died intestate in the year 1932, leaving as his sole heirs at law his widow, Madie Bandy, several brothers and sisters, and his parents. Before the commencement of the foreclosure suit, Madie Bandy died, leaving as her sole heir at law a daughter, Virginia Baker, by a prior marriage, who is the appellant here.

Virginia Baker, as a defense to the foreclosure action, alleged that the note and mortgage therein set up were without valuable consideration, voluntarily executed, and were so known, accepted and considered as such at the time of their execution and delivery, between LeRoy Bandy, deceased, and the respondent; that it was understood and agreed between the original parties thereto that the note and mortgage should never be considered of any binding force, nor constitute a lien upon the premises described; and that being without valuable consideration any effort to foreclose the mortgage on the part of the respondent would constitute fraud upon the appellant and the heirs at law of LeRoy Bandy, deceased.

None of the other defendants constituting the heirs at law of LeRoy Bandy, deceased, contested the foreclosure of the mortgage.

The case was referred to the Master of Aiken County to take the testimony, and this was duly reported to the Court. Thereafter, the cause was heard by the resident Circuit Judge, Honorable Hayne F. Rice, who decided the issues in favor of the respondent, and who issued his decree providing for the foreclosure of the mortgage, and for the sale of the land covered by it.

The appellant first attacks the judgment of the lower Court upon the theory that the Court held that parol testimony was not admissible for the purpose of showing lack of consideration, and for the purpose of proving fraud, between LeRoy Bandy, deceased, and his brother, John E. Bandy, the respondent; and in further holding that inasmuch as the mortgage was under seal, such seal imports a consideration which rendered it immune to attack.

We think this question is presented through a misapprehension of the circuit decree.

The rule has long prevailed that while one who signs an instrument of writing under seal is allowed to show failure of consideration, he is not allowed, in the absence of fraud, to show that such instrument was without consideration, the reason being that the seal, of itself, imports a consideration. *Carter v. King,* 11 Rich., 125; *Brown v. Brown,* 44 S. C., 378, 22 S. E., 412; *Whitmire v. Boyd,* 53 S. C., 315, 31 S. E., 306; *Koster v. Welch,* 57 S. C., 95, 35 S. E., 435; *Cook v. Cooper,* 59 S. C., 560, 38 S. E., 218; *Baynard v. Ulmer,* 153 S. C., 100, 150 S. E., 610; *Bank of Charleston v. Oates et al.,* 160 S. C., 188, 158 S. E., 272; *Alderman v. Alderman,* 178 S. C., 9, 181 S. E., 897, 105 A. L. R., 102.

In the decree, his Honor, Judge Rice, quoted from the case of *Brown v. Brown, supra,* to sustain the proposition that where a mortgage is executed with all the formalities required, under seal, the party who executed it, would not be permitted to impeach it on the sole ground that it was without consideration; and that in the absence of fraud or collusion it was binding upon him and his heirs at law. The question, moreover, is academic because Judge Rice considered and passed upon all of the testimony offered by the appellant bearing upon the question of fraud, and of lack and of failure of consideration, and concluded that the appellant had not made out her defense by the preponderance of the evidence.

It is next contended that the appellant successfully made out her defense by the overwhelming weight of the testimony.

The burden was upon her to establish her defense by the preponderance of the evidence, and this, the Circuit Judge decided, she had failed to do. The testimony is sharply conflicting. It is difficult for this Court to say, after a painstaking study of the record, where the truth may be found. From

our study of the evidence, we are not convinced that the Circuit Judge committed error. A statement and review of the evidence would serve no useful purpose.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.